|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | PRIORITY SEND<br>JS-6 |

CIVIL MINUTES -- GENERAL

Case No.  **CV 11-10646-JFW (Ex)**                                             Date: January 24, 2012

Title:    Federal National Mortgage Association -v- Rory Francis O'Connor, et al.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   Shannon Reilly                                              None Present
   Courtroom Deputy                                         Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**            **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                                 None

**PROCEEDINGS (IN CHAMBERS):**      ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

   On November 22, 2011, Plaintiff Federal National Mortgage Association ("Plaintiff") filed a Complaint for Unlawful Detainer against Defendant Rory Francis O'Connor ("Defendant") in Los Angeles Superior Court.  On December 23, 2011, Albert Jameson ("Jameson"), who claims to have intervened in the Los Angeles Superior Court action by filing a Pre-Judgment Claim of Right to Possession, filed a Notice of Removal, alleging that this Court has jurisdiction.

   Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Jameson bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

   Jameson fails to meet his burden of demonstrating that removal is proper.  Plaintiff's Complaint alleges one claim for unlawful detainer under state law.  While Jameson alleges in his Notice of Removal that the claim arises under federal law, "[a]n unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction."  *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) (internal citation omitted).  Accordingly, there is no federal question jurisdiction presented by

Plaintiff's action.

      For the foregoing reasons, this Court lacks subject matter jurisdiction over this action. Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.